IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| RODERICK SWAIN, | ) | |
| # 233097, | ) | |
| | ) | |
|     Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 2:23-cv-187-RAH-CWB |
| | ) | (WO) |
| PATRICE RICHIE JONES, et al., | ) | |
| | ) | |
|     Respondents. | ) | |

RECOMMENDATION OF THE MAGISTRATE JUDGE

Roderick Swain, an Alabama inmate, has filed a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254 wherein he challenges the August 7, 2019 revocation of his parole.[1] (Doc. 1 at p. 4). As discussed below, however, the undersigned Magistrate Judge finds that Swain's § 2254 petition is due to be dismissed as time-barred. *See* 28 U.S.C. § 2244(d).

I.      Background

A.      State Court Proceedings

Swain received a 20-year sentence for First Degree Burglary on January 3, 2004 and a 14-year sentence for Second Degree Rape on February 9, 2004. (Doc. 13-1 at p. 1). On July 31, 2017, Swain was paroled. (*Id*.). Swain's terms of parole included that he not change his address "without first getting consent of the Board by and through [his] parole officer" and that he not violate any law. (Doc. 13-2 at p. 2). Swain also had to comply with the Alabama Sex Offender Registration and Notification Act ("ASORNA"), which

---

[1] The revocation date stated in the § 2254 petition is incorrect. The record confirms that Swain was paroled on July 31, 2017 (Doc. 13-1 at p. 1) and that his parole subsequently was revoked on September 10, 2019 (Doc. 13-5 at p. 1).

requires that he provide his address to local law enforcement and not establish a new address without registering in person with local law enforcement. *See* Ala. Code §§ 15-20A-5(2) & -10. Failure to comply with the ASORNA registration requirements constitutes a Class C felony under Alabama law. *See* Ala. Code § 15-20A-10(j).

Chambers County Sheriff's Department SORNA investigator Shannon Rollins went to Swain's registered address on July 2, 2019 and determined that he no longer lived there. (Doc. 13-3 at p. 1). Because Swain had not registered at another address, Investigator Rollins concluded that his whereabouts were unknown. (*Id.*). As a result, Investigator Rollins caused an ASORNA violation warrant to be issued. (*Id.*).

Swain was arrested on July 2, 2019 and released two days later. (*Id.*). On July 10, 2019, Swain reported to the probation office and informed an officer who was not familiar with his case that he had moved to an address in Dothan, Alabama. (*Id.*). The officer instructed Swain to return on July 15, 2019 and speak with his own parole officer; yet Swain failed to do so. (*Id.*). On July 22, 2019, Swain's parole officer prepared a Report of Parole Violation charging Swain with violating the terms of his parole by committing a new criminal offense, *i.e.*, an ASORNA violation. (*Id*. at pp. 1-2). Swain's parole officer further noted that he had numerous compliance issues during supervision, including failure to report, failure to pay supervision fees, and failure to pay court ordered monies. (*Id*. at p. 2).

Swain was arrested as a parole violator on August 7, 2019. (13-4 at p. 2). On the same day, Swain was served with notice that he would have a parole court hearing on August 26, 2019 at the Chambers County jail. (*Id*. at p. 1). Swain requested notification of witnesses and an attorney. (*Id.*). The parole court hearing took place as scheduled on August 26, 2019 before a neutral hearing officer. (*See generally* Doc. 13-4). Swain did not retain his requested attorney,

and the attorney did not appear. (*Id.* at p. 2). Swain's witness also failed to appear. (*Id.*). Investigator Rollins did appear, however, and testified similarly to the information contained in the Report of Parole Violation. (*Id.* at p. 3). Investigator Rollins provided additional details as well, along with the "SORNA rules" that had been signed by Swain. (*Id.*).

Swain in turn testified that he had re-located to Dothan, Alabama to live with his father. (*Id.*). He stated that all of his support was located in Dothan and that he was close to a parole office in Dothan. (*Id.*). On the basis of Swain's own testimony, the hearing officer found Swain guilty of the parole violation. (*Id.* at p. 4). Swain then was permitted to offer mitigation testimony. (*Id.*). The hearing officer ultimately recommended to the Board that it revoke Swain's parole and reschedule him for further consideration in six months. (*Id.*). The Board voted to do so on September 10, 2019 and set Swain for reconsideration in March 2020. (Doc. 13-5 at p. 1). The Board again considered, but denied, parole on March 16, 2023. (Doc. 13-7).

Swain filed the pending § 2254 petition weeks later and alleged that his constitutional rights were violated on August 7, 2019 when his parole was revoked. (Doc. 1 at pp. 2-4). Based upon the court's independent review of the Alabama state court system's electronic database at https://v2.alacourt.com/frmlogin.aspx, it does not appear that Swain filed any state court action challenging the revocation. That failure is confirmed by Board's internal case management system. (Doc. 13 at p. 6).

**B.     Swain's § 2254 Petition**

Swain filed his § 2254 petition on April 4, 2023.[2] (Doc. 1). In the petition, Swain (1) claims that his 5th and 14th Amendment rights to equal protection and due process were

---

[2] Swain's petition was received by the court on April 6, 2023 but purports to have been signed on April 4, 2023 (Doc. 1 at pp. 1, 5). The court thus will apply a filing date of April 4, 2023, which is the earliest date the petition could be deemed filed under the "prison mailbox rule."

violated when his parole was revoked and (2) requests that his parole be reinstated or that he be given a parole revocation hearing.  (*Id*. at p. 5).  Respondents assert that Swain's petition is time-barred by the one-year limitation period in 28 U.S.C. § 2244(d).[3]  (Doc. 13 at pp. 7-8).  Swain conversely points to the subsequent denial of parole on March 16, 2023 as a basis for extending the limitation period.  (Doc. 19 at p. 2).  For the reasons that follow, the undersigned concludes that Swain's § 2254 petition is time-barred and should be dismissed with prejudice.

## II.      Discussion

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") contains the following limitation period for federal habeas petitions:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

---

[3] Respondents also argue that the petition is due to be dismissed because Swain failed to exhaust his state remedies (Doc. 13 at pp. 7-9), because Swain lacks standing to bring claims against the Attorney General and Warden Jones (*Id*. at pp. 9-12), and because Swain's claims fail on the merits (*Id*. at pp. 12-18).  Because it is clear that the petition is time-barred, the undersigned will pretermit discussion of Respondents' other arguments.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

### A.       Statutory Tolling

Because Alabama does not have a direct appeal procedure for challenging the denial of parole, the one-year limitation period under the AEDPA begins to run on the date of the Board's decision.  *See Brown v. Barrow,* 512 F.3d 1304, 1307 (11th Cir. 2008); *see also Ray v. Mitchem,* 272 F. App'x 807, 809-10 (11th Cir. 2008) (acknowledging that because there is no direct appellate review, the Board's parole decision became final on the date of the decision); *Cady v. Forniss,* 2:07-cv-746-MEF, 2007 WL 3224323, *1-2 (M.D. Ala. Oct. 24, 2007) (finding that the one-year limitation period began running on the day parole was denied).  Nonetheless, the one-year limitation period can be tolled for the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."  *See* 28 U.S.C. § 2244(d)(2).

Although Swain alleges that the harm done to him occurred on August 7, 2019 (Doc. 1 at p. 2), the action he challenges is the Board's revocation of parole over a month later on September 10, 2019 (Doc. 13-5).  Swain thus would have had until September 10, 2020 to file a § 2254 petition or to toll the deadline by filing an appropriate proceeding in state court. Although Swain now attempts to rely upon the recent March 26, 2023 denial of parole as extending his deadline (Doc. 19 at p. 2), a subsequent denial of parole does not affect the limitation period as to the original revocation.  *See* 28 U.S.C. § 2244(d)(1)(A)-(D).  Because the § 2254 petition (Doc. 1) does not include any claim that is based upon the March 26, 2023 denial, the Board's most recent action is not before the court for review.  Nor is there any indication that Swain has

filed a state court challenge to the March 26, 2023 denial.  In short, the AEDPA limitation period

has been long expired on Swain's revocation, and his § 2254 petition is conclusively time-barred.

### B.      Equitable Tolling

The one-year limitation period under the AEDPA alternatively can be tolled on an

equitable basis where a petitioner submits an untimely filing "because of extraordinary

circumstances that are both beyond his control and unavoidable with diligence."  *Sandvik v.*

*United States*, 177 F.3d 1269, 1271 (11th Cir. 1999).  It is clear, however, that "equitable tolling

is an extraordinary remedy, ... limited to rare and exceptional circumstances and typically applied

sparingly."  *Hunter v. Ferrell*, 587 F.3d 1304, 1308 (11th Cir. 2009).  The United States

Supreme Court has held that a petitioner is entitled to equitable tolling "only if he shows (1) that

he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in

his way and prevented timely filing."  *Holland v. Florida*, 560 U.S. 631, 649 (2010).  For a

habeas petitioner to obtain equitable tolling, there must be a causal connection between the

extraordinary circumstance and the untimely filing.  *See San Martin v. McNeil*, 633 F.3d 1257,

1267 (11th Cir. 1999); *Lawrence v. Florida*, 421 F.3d 1221, 1226–27 (11th Cir. 2005).  And

"[t]he petitioner bears the burden of showing that equitable tolling is warranted."  *Hunter*,

587 F.3d at 1308.  Swain makes no argument that equitable tolling applies; nor does the

undersigned perceive any basis for its application on the alleged facts.  The doctrine of equitable

tolling thus cannot be invoked to remedy Swain's otherwise time-barred petition.

### III.    Conclusion

Accordingly, it is the **RECOMMENDATION** of the undersigned Magistrate Judge

that Swain's § 2254 petition be **DENIED** as time-barred and that this case be **DISMISSED** with

prejudice.

It is **ORDERED** that any objections to this Recommendation must be filed no later than July 25, 2023.  An objecting party must identify the specific portion of the factual findings or legal conclusions to which the objection is made and must describe in detail the basis for the objection.  Frivolous, conclusive, or general objections will not be considered.

Failure to file a written objection to this Recommendation shall bar a party from a de novo determination by the District Court of any factual findings or legal conclusions contained herein and shall waive the right of the party to challenge on appeal any subsequent order that is based on factual findings and legal conclusions accepted or adopted by the District Court, except upon grounds of plain error or manifest injustice.  11th Cir. R. 3-1; *see Resolution Trust Corp. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

**DONE** this the 11th day of July 2023.

_____
**CHAD W. BRYAN**
**UNITED STATES MAGISTRATE JUDGE**